UNITED STATES *v.* FORTUNYS

**No. 4585.**—Invoice dated London, England, May 30, 1938.
Entered at New York June 16, 1938.
Entry No. 865607.

## Third Division, Appellate Term

(Decided May 31, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.

No appearance by appellee.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: In this case the Government appeals to this appellate division from the decision and judgment of the single judge sitting in reappraisement and from an order denying the Government's motion for a rehearing. The question before the trial court and before us here is the value of certain books entitled "The Cure of Stammering, Stuttering, and other Speech Disorders," by J. Lewis Orten, which were imported from England.

The collector appealed to reappraisement and the lower court held that the plaintiff had not met the burden of proof placed upon it and failed to produce sufficient probative evidence to overcome the presumption of correctness attaching to the appraiser's finding of value and therefore found the appraised value to be the dutiable value of the merchandise.

In the court below there was no dispute as to the *per se* value of the merchandise. The sole question at issue was one of discount. The importer on entry deducted discounts of 50 per centum and 25 per centum which were allowed by the appraiser in making his appraisement. The Government contended below and renews that contention here that the foreign value of the identical books was the list price less 33⅓ per centum and that such value represents the dutiable value of the imported books.

The appellant's fifth assignment of error is directed to the failure of the court below to grant the Government's motion for a rehearing and that such denial in effect constituted an abuse of discretion. Apparently counsel for the Government in its assignment of errors was taking two shots to reach the same objective. The trial court found the appraised value to be the dutiable value of the merchandise

and certainly must have regarded the issue as being so clear that a rehearing could not have presented any consideration which would have changed the result of its finding. The error, if any, was in the decision and judgment and not in the failure to grant a rehearing. Counsel for the appellant argues that in view of the fact that the trial court failed to set forth any facts or reasons for its failure to grant the rehearing that it must have failed to consider, misinterpreted, or overlooked the purport of Exhibit A. We know of no rule of law which requires the court to give reasons for granting or for failing to grant such motions. We are of the opinion there is no merit in the fifth assignment of error.

Counsel for the Government, before the single judge and before us here, strenuously argues that the imported book entitled "The Cure of Stammering, Stuttering and other Speech Disorders," is described in Exhibit A forming a part of Collective Exhibit 1 and that the net price is fixed therein, and that such price represents the list price of the book. We have carefully examined Exhibit A and agree that the book in question is cataloged therein upon page 11. However, we are unable to find in said exhibit any reference or statement concerning discounts allowed on the book in question or upon any books listed therein. Therefore Exhibit A throws no light whatever upon the sole issue before us, to wit, the usual discounts allowable upon the sale of said book in the usual wholesale quantities and in the ordinary course of trade. We can find nothing in Exhibit A which would tend in any way to show that the lower court in reaching its decision failed to consider, misinterpreted, or overlooked the purport of said exhibit.

We must now proceed to examine the evidence taken at the trial, including Exhibit 1. The plaintiff testified that he bought the books in question at the list price less discounts of 50 per centum and 25 per centum; that in ordering the books he specified that he would purchase the same providing said discounts were allowed and that the publisher accepted his offer without any reservations whatever. There was no mention of the performance of any special service of any character or description, and the witness did not advertise the sale of the book with printed placards or other publicity. The testimony of the witness was wholly uncontradicted. Counsel for the Government accepted the plaintiff's statements pertaining to his purchase and sale of said books apparently as the facts thereof, as there was no cross-examination made in an attempt to controvert the same.

The special agent's report, Exhibit 1, has reference particularly to a book entitled "Foot Comfort and Efficiency" and to three other books. No reference whatever is made in the report to the book here in question. From a careful examination of the report we fail to find that the books of the manufacturer listed in the price list, Exhibit A, are generally subject to the terms and discounts granted upon the

sale of the books that are specially concerned in the report, nor do we find anything in the report relative to discounts, wholesale quantities, or sales in the usual course of trade that may be accepted as evidence. The statements therein are purely hearsay and the conclusions of the Treasury representative. From an examination of the evidence produced we are unable to conclude that the book in question herein was freely offered for sale in the usual wholesale quantities and in the ordinary course of trade either for home consumption or for export to the United States at a price other than that found by the appraiser herein. We therefore hold that the presumption of correctness of the appraiser's finding of value has not been overcome and judgment will be entered affirming the action of the trial court.